UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BRANDON DEUTSCH, individually and on behalf of all others similarly situated, | Civil No. 20-cv-318 (SRN/ECW) |
| Plaintiff, | |
| v. | **AMENDED POST-CONDITIONAL CERTIFICATION PRETRIAL SCHEDULING ORDER** |
| MY PILLOW, INC., | |
| Defendant. | |

---

This case is before the Court on the Joint Stipulation to Amend Post-Conditional Certification Pretrial Scheduling Order (Dkt. 83). Having considered the Stipulation and in accordance with the Court's September 10, 2021 Post-Conditional Certification Pretrial Scheduling Order (Dkt. 70) and February 2, 2022 Order (Dkt. 82), the Court issues this Amended Post-Conditional Certification Pretrial Scheduling Order (Dkt. 82 at 2-3) based in part on the parties' Joint Stipulation to Amend Post-Conditional Certification Pretrial Scheduling Order. The Court finds good cause for an extension of the schedule, but not for the length of extension proposed by the parties in view of the length of time this case has been pending and the length of time (over seven months) the parties have spent on settlement discussions. Accordingly, pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, **IT IS ORDERED** that the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. This includes, but is not limited to, promptly bringing disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet and confer process. In other words, simply because this schedule establishes a deadline for filing a particular non- dispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

The Court's previous Pretrial Scheduling Order (Dkt. 47) remains in effect as to the Privilege Log, Discovery Disputes, Deadlines for Motions to Amend the Pleadings or to Add Parties, Informal Dispute Resolution, Privilege/Protection, and Handling of Sealed Documents Filed in Connection with All Motions sections.

---

[1] Parties who agree by stipulation to seek a modification of this Scheduling Order may submit the stipulation with the proposed order to the Court without a motion and do not need to file a formal motion; however, the stipulation must meet the requirements of Local Rule 16.3(b)-(c).

**FACT DISCOVERY**

1. Fact discovery procedures shall be commenced in time to be completed on or before: **July 29, 2022**.

2. No Rule 35 Medical Examinations shall be taken by Defendant.

3. No more than 12 depositions, excluding expert witness depositions, shall be taken by either side.

4. Depositions of Opt-in Plaintiffs will be limited to 4 hours.[2]

**EXPERT DISCOVERY**

1. Plaintiff's Initial Expert Disclosures: **June 30, 2022.**

2. Defendant's Initial Expert Disclosures: **July 29, 2022.**

3. Both Parties' Rebuttal Expert Disclosures: **August 19, 2022.**

4. Expert discovery procedures shall be commenced in time to be completed on or before **September 19, 2022**.

**ELECTRONIC DISCOVERY**

The parties will agree to search terms regarding any electronic discovery requests. The parties will treat electronic discovery as they would other discovery matters and production of the same will be in hardcopy format, unless otherwise agreed.

**NON-DISPOSITIVE MOTION DEADLINES**

1. All non-dispositive motions and supporting documents relating to fact discovery shall be filed and served on or before **August 12, 2022**.

2. All non-dispositive motions and supporting documents relating to expert discovery shall be filed and served by **October 3, 2022**.

---

[2] "Depositions of Opt-in Plaintiffs" does not include the depositions of Plaintiffs Brandon Deutsch, Shandrea Jenkins, and Craig Lyons, which are excluded from the 4-hour limitation.

**DISPOSITIVE MOTION DEADLINES**

Counsel for the moving party shall contact Judge Nelson's Courtroom Deputy at 651-848-1970 no later than **September 19, 2022** to schedule a hearing for a dispositive motion, if any.  Counsel are reminded that at least two to three months advance notice is necessary to place a dispositive motion on the calendar.  All dispositive motions and supporting papers (motion, notice of motion, memorandum of law, affidavits and exhibits and proposed order) shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1; however, unless otherwise directed by the Court, the moving party's motion papers shall not be filed until 42 days prior to the scheduled hearing date.

When a motion, response, or reply brief is filed on ECF, two paper courtesy copies (three-hole punched, with dividers clearly marked between exhibits) of the pleading and all supporting documents shall be mailed or delivered to Judge Nelson's Courtroom Deputy at the same time as the documents are posted on ECF.

Notwithstanding the foregoing, no party shall file a dispositive motion before the close of discovery without first obtaining permission from the undersigned.  Permission shall be sought by electronically filing a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is comply, and why judicial efficiency would be served by allowing the motion to proceed at this time.  The other party or parties may file brief letters in response to the request.  Denial of a request for permission to file an early dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**TRIAL**

This case will be ready for a **jury** trial on or about **January 23, 2023**.

Date: March 30, 2022                              *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge