UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRANDON DEUTSCH, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MY PILLOW, INC.,<br><br>Defendant. | Case No. 20-CV-00318 (SRN-ECW)<br><br>Magistrate Judge Elizabeth Cowan Wright<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE RULE 23 CLASS DEFINITION** |

## INTRODUCTION

Plaintiff seeks to modify the class definition for the Minnesota Rule 23 Class—who bring claims under the Minnesota Payment of Wages Act ("MPWA") and the Minnesota Fair Labor Standards Act ("MFLSA") as set forth in Counts II-IV of the First Amended Class and Collective Action Complaint ("Complaint") (Dkt. No. 31). Currently, the Rule 23 Class definition reads:

> *All current and former Customer Service Agents, Telephone Sales Agents, or other job titles performing similar job duties employed by My Pillow, Inc., at any time during the last three years who worked forty (40) or more hours per week and were not paid for off-the-clock work.*

Plaintiff's proposed amendment to the Rule 23 Class definition modifies the definition to correctly include all Customer Service Agents and not only those who worked over 40 hours per week:

*All current and former Customer Service Agents, Telephone Sales Agents, or other job titles performing similar job duties employed by My Pillow, Inc., at any time during the last three years who were not paid for all hours worked.*

Plaintiff's request for an amendment to the class definition is timely. The Court's Amended Post-Conditional Certification Pretrial Scheduling Order states that its "previous Pretrial Scheduling Order (Dkt. 47) remains in effect as to . . . Deadlines for Motions to Amend the Pleadings." (Dkt. No. 85 at 2). The Court's August 26, 2020 Pretrial Scheduling Order provides that after the deadline for motions to amend the pleadings "the parties will meet-and-confer regarding any proposed amendments to the pleadings during the course of discovery." (Dkt. No. 47 at 4). The Parties conducted numerous meet-and-confers throughout May and June; however, no agreement was made to amend the class definition. Plaintiff now brings this Motion to Amend to modify the Rule 23 Minnesota Class definition before the close of discovery and dispositive briefing.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). A motion to amend the pleadings "begin[s] with a presumption of liberality" towards allowing the amendment. *DeRoche v. All American Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998). The Supreme Court has explained the purposes of Rule 15(a) as follows:

---

[1] Per the Amended Post-Conditional Certification Pretrial Scheduling Order, Plaintiff is required to schedule a hearing on any dispositive motion by September 19, 2022.

2

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Gewecke v. US Bank N.A.*, No. 09–CV–1890, 2011 WL 13136318, at *2 (D. Minn. Aug. 31, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Generally, when deciding whether to grant a motion to amend, courts must ask whether "claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted." *Id.* (citing *DeRoche*, 38 F. Supp. 2d at 1106).

District courts have broad discretion to modify class definitions. *See Stuart v. State Farm Fire and Casualty Co.*, 910 F.3d 371, 378 (8th Cir. 2018) (modifying district court's certification order and class definition); *Powers v. Hamilton County Pub. Defender Com'n.*, 501 F.3d 592, 619 (6th Cir. 2007) (expressing that "district court's multiple amendments merely showed that the court took seriously its obligation to make appropriate adjustments to the class definition as the litigation progressed."); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) (noting that "[l]itigants and judges regularly modify class definitions."); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) (stating "[d]istrict courts are permitted to limit or modify class definitions to provide the necessary precision."); *Robidoux v. Celani*, 987 F.2d 931, 937 (2d 1993) (stating "[a] court is not bound by the class definition proposed in the complaint"); *Krueger v. Ameriprise Financial, Inc.*, 304 F.R.D. 559, 578 (D. Minn. 2014) (amending class

3

definition at class certification stage); *In re Select Comfort Corp. Securities Lit.*, 202 F.R.D. 598, 604 (D. Minn. Sept. 4, 2001) (stating "[i]t is also well recognized that the district court has broad authority to define or redefine the class until judgment is entered or to otherwise alter or amend any class certification order before the decision on the merits.") (internal quotation omitted); *but see Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1033 n.12 (D. Minn. 2007) (declining to amend class definition at the class certification stage instead holding that plaintiff should have moved to amend the complaint).

Other courts have permitted the amendment of class definitions as part of a motion to amend the pleadings. *See United States ex rel. Terry v. Wasatch Advantage Group, LLC*, 327 F.R.D. 395, 406 (E.D. Cal. 2018) (granting amendment of class definition after the close of discovery which expanded the size of the class); *Abraham v. WPX Energy Production, LLC*, 322 F.R.D. 592, 640 (D.N.M. 2017) (permitting amendment of class definition after the parties retained experts, briefed the original class definition, completed discovery, and had a hearing); *Harris v. Rainey*, 299 F.R.D. 486, 495 (W.D. Va. 2014) (granting motion to amend class definition); *Warnock v. State Farm Mut. Auto. Ins. Co.*, NO. 5:08cv01, 2009 WL 10676946, at *1 (S.D. Miss. Mar. 31, 2009) (granting motion to amend class definition during discovery and before class certification); *Rendler v. Gambone Bros. Development Co.*, 182 F.R.D. 152 (E.D. Pa. 1998) (granting motion to amend class definition); *see also Andrews v. Plains All American Pipeline, L.P.*, No. CV 15-4113, 2019 WL 6647928, at *5–6 (C.D. Cal. Nov. 22, 2019) (amending class definition in class certification order upon motion by plaintiffs).

# ARGUMENT

I. **PLAINTIFF'S PROPOSED AMENDMENT TO THE CLASS DEFINITION PROPERLY INCLUDES ALL MINNESOTA CLASS MEMBERS AS CURRENTLY ALLEGED IN THE AMENDED COMPLAINT.**

Plaintiff seeks an amendment to the class definition to correctly include all Rule 23 Minnesota Class members and not unnecessarily exclude members simply because they did not work over 40 hours in a workweek. There is no requirement that the Rule 23 Minnesota Class can recover under their MPWA and MFLSA claims only if they worked over 40 hours in a workweek. Accordingly, the Rule 23 Minnesota Class definition should accurately reflect all potential members of the class as alleged in Counts II-IV of the Amended Complaint.

As alleged, the MPWA requires an employer to "pay all wages" on a regular payday. Minn. Stat. § 181.101; *see also Am. Compl.* ¶ 77. The requirement to "pay all wages" is not limited to overtime wages. *See id.* The District of Minnesota previously certified a Rule 23 class under Minn. Stat. § 181.101 in *Cruz v. TMI Hospitality, Inc.* under the following definition:

> All current and former housekeepers who work(ed) for Fairfield Inn & Suites Minneapolis Bloomington from April 15, 2011 to present.

No. 14–cv–1128, 2015 WL 6671334, at *13 (D. Minn. Oct. 30, 2015). The court did not limit the Minn. Stat. § 181.101 class to only those who worked over 40 hours in a workweek. In fact, this definition is substantially similar to the one proposed by Plaintiff in that it identifies the job title of affected employees, the employer, and the relevant dates of employment. Plaintiff's proposed class definition goes a step further to limit the Rule

23 Minnesota Class to only those Customer Service Agents who were not paid for all hours worked.

Similarly, Plaintiff's recordkeeping claim under the MFLSA should not be limited to class members who worked over 40 hours per workweek. The recordkeeping requirements in Minn. Stat. § 177.30 mandate an employer to keep a record of "the hours worked each day" by the employee and does not differentiate between straight time hours and overtime hours. *See Am. Compl.* ¶¶ 82-83. An employee may pursue a MFLSA recordkeeping violation and seek civil penalties on behalf of the Commissioner of Labor and Industry. *See Milner v. Farmers Ins. Exchange*, 748 N.W.2d 608, 618–19 (Minn. 2008). An employee's ability to do so is not dependent on the number of hours they worked, but whether the employer properly kept records of the hours the employee worked each day. *See* Minn. Stat. § 177.30; *Burch v. Qwest Communications Intern., Inc.*, 677 F. Supp. 2d 1101, 1127 (D. Minn. 2009) (certifying Minn. Stat. § 177.30 class finding that class representatives' claims were typical of the class if employer failed to make and keep record of time spent by class members working off the clock). Moreover, Plaintiff and the Rule 23 Minnesota Class seek civil penalties on behalf of the Commissioner. The Rule 23 class should properly include all affected employees to accurately calculate any suitable civil penalties in this matter because violations are determined for "each employee." *See* Minn. Stat. § 177.27 subd. 7; *see also Am. Compl.* ¶¶ 86-88. The proposed modification to the class definition therefore comports with the MFLSA.

The decision in *Qwest* is instructive for the change requested by Plaintiff here. In *Qwest*, the plaintiffs proposed the following definition for the Rule 23 Minnesota class:

6

> All individuals who are or were employed by Defendants in Minnesota as Sales Consultants and/or Sales and Service Consultants at Defendants' Small Business and/or Consumer Call Centers between August 30, 2003 and the present.

*Id.* at 1123. The court in *Qwest* ultimately narrowed the Rule 23 Minnesota class to the following:

> All individuals who are or were employed by Defendants in Minnesota as Sales Consultants and/or Sales and Service Consultants at Defendants' Small Business and/or Consumer Call Centers between August 30, 2003 and the present and who, during that time, have performed the activities of booting up their computers and logging onto their computer programs before the start of their shifts and/or the activities of logging out of their computer programs and/or shutting down their computers after the end of their shifts and were not compensated for those activities.

*Id.* at 1133. The court narrowed the class definition to focus on boot-up and boot-down work since plaintiffs alleged other off-the-clock work that the court found not ripe for class treatment because it required individualized analysis. *Id.* at 1124. In this case, Plaintiff and the putative Rule 23 Minnesota Class only allege off-the-clock boot-up work at the start of their shifts and upon returning from breaks. Therefore, there is no need to narrow the class definition to focus on boot-up work. Moreover, the change in class definition that Plaintiff proposes here has the same effect as the class definition approved in *Qwest*—it does not limit Rule 23 Minnesota Class members to only those who worked over 40 hours in a workweek.

Plaintiff's original Rule 23 Minnesota Class definition incorrectly limited the size of the putative class and the definition should properly include all affected employees as alleged in Counts II-IV of the Amended Complaint. Thus, Plaintiff's proposed change to

7

the Rule 23 Minnesota Class definition correctly includes all potential members with claims under the MPWA and MFLSA.

## II. PLAINTIFF'S PROPOSED AMENDMENT TO THE CLASS DEFINITION SATISFIES THE REQUIREMENTS OF RULE 23.

At the outset, Plaintiff's proposed amendment to the class definition does not amend any other aspect of the operative Amended Complaint. In other words, this is not a substantive change adding new claims not previously alleged; rather, it simply defines the Rule 23 class in line with the allegations in Counts II-IV as currently plead. For this reason, the proposed amendment satisfies the low burden of more broadly amending the complaint.

Plaintiff's burden to amend the Rule 23 Minnesota Class definition at this stage is low. *See Gewecke*, 2011 WL 13136318, at *3 (loosely applying the requirements of Rule 23 at the motion to amend stage). Importantly, Plaintiff does not seek to amend the Amended Complaint to add a class action claim, but to modify a class action already plead. No substantive amendments to the operative Amended Complaint are envisioned from the class definition amendment—indeed, Counts II-IV of the Amended Complaint already adequately allege the full scope of the class action claims. Nevertheless, Plaintiff applies the loose Rule 23 analysis and meets his low burden at this stage to modify the class definition.

A plaintiff must satisfy four threshold requirements to certify a class action:

1. Numerosity: the class is so numerous that joinder of all members is impracticable;
2. Commonality: there are questions of law or fact common to the class;
3. Typicality: the claims or defenses of the representative parties are typical of the claims or defenses of the class;

> 4. Adequacy: the representative parties will fairly and adequately protect the interests of the class.

*Gewecke*, 2011 WL 13136318, at *4 (citing Fed. R. Civ. P. 23(a)).

To qualify for class certification under Rule 23(b)(3), a class must meet the Rule 23(a) prerequisites, plus two additional requirements: (1) common questions of law or fact must "predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b).

Again, the decision in *Qwest* is instructive here. The court in *Qwest* considered call center boot-up claims and certified a Rule 23 Minnesota state law class action where the court considered all the necessary requirements of Rule 23(a), plus the additional requirements of Rule 23(b)(3). 677 F. Supp. 2d at 1123–29. The court found numerosity satisfied because "Qwest's list of all Small Business and Consumer call center workers nationwide from August 30, 2003 until August 2007 includes approximately 6,700 individuals—approximately 700 in the Minnesota class, 900 in the Colorado class, 400 in the Oregon class, and 300 in the Washington classes." *Id.* at 1124. The call center employees met Rule 23's commonality requirement because "Qwest's particular system of starting shift time based on being logged into the telephone and being ready to take calls, even though employees must boot up in order to be ready for the start of shift and must shut down after logging out of the telephone, creates widespread state law overtime violations." *Id.*

9

The court found the named-plaintiffs to be representative of the class even though not all named-plaintiffs had state law claims because "Qwest's monitoring and compensation practices and computer and phone log in systems apply to all Plaintiffs and putative class members." *Id.* at 1125. The same is true here. *See Defendant's Objections and Responses to Plaintiff's First Set of Requests for Admissions* at Request Nos. 3, 8-9, 11, and 13 (Defendant admitting: 1) "Plaintiff and Opt-ins performed the same or similar job duties at any given time from January 24, 2017 to the preset"; 2) "Plaintiff and Opt-ins could not perform their job duties without a computer and phone" and "without the computer programs Defendant directed [them] to use"; 3) "Defendant did not keep a record of the time it took Plaintiff and Opt-ins to boot-up and login to their computers and computer programs"; and 4) "Defendant knew Plaintiff and Opt-ins spent time booting up computers and logging into programs at the beginning of their shifts") (attached to the *Declaration of Zackary S. Kaylor* as Exhibit A).

The court further found the adequacy requirement met because the plaintiffs willingly and adequately participated in the litigation and were represented by experienced counsel. *Id.* at 1128. In considering the Rule 23(b)(3) questions, the court found that common questions of law and fact would predominate because the predominate questions would be "whether these actions existed as a widespread Qwest policy or practice; whether Qwest knew of the practice; whether the actions were completed before and after shift; and how long these activities take." *Id.* Lastly, the court held that managing the state law claims as class actions were superior to individual actions because of the "relatively small

recoveries" per class member and because "the remaining class issues before the Court are practically identical." *Id.* at 1129.

Here, Plaintiff meets the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy. The Rule 23 Minnesota Class is so numerous that joinder of all members is impracticable because over 100 current or former employees are members of the class. *See Portz v. St. Cloud State University*, 297 F. Supp. 3d 929, 944 (D. Minn. 2018) (stating "[g]enerally, a 'putative class size[ ] of forty will support a finding of numerosity, and much smaller classes have been certified by courts in the Eighth Circuit.'"). The class list provided by Defendant for the purposes of sending collective notice under Section 216(b) of the FLSA included 122 individuals. Numerosity is therefore satisfied.

The commonality requirements is easily satisfied because the questions presented in this case are the same as the questions in *Qwest*: whether My Pillow's particular system of starting shift time based on being logged in and being ready to take calls, even though employees must boot up in order to be ready for the start of shift, creates widespread state law overtime violations. *See Qwest*, 677 F. Supp. 2d at 1124. Additionally, typicality is met because Named-Plaintiff Deutsch performed the same kind of unpaid work as the Minnesota Class, which included booting-up his computer and necessary programs before getting paid, and he pursues the same legal theories as the Minnesota Class. Lastly, Plaintiff meets the adequacy requirement at this stage because he participated in the litigation from its inception and is expected to sit for a deposition before the close of discovery. In addition, Plaintiff's Counsel is well-versed in FLSA collective actions and class actions on behalf of employees seeking compensation for unpaid wages.

Plaintiff also meets the two additional requirements found in Rule 23(b)(3). The same common questions of law and fact predominate here as in *Qwest*: (1) whether boot-up work existed as a widespread My Pillow policy or practice; (2) whether My Pillow knew of the practice; (3) whether the boot-up work was completed before each shift and returning from breaks; and (4) how long boot-up activities take. *See Qwest* at 1128. Finally, managing the Minnesota state law claims as a class action is superior to individual actions because of the relatively small recoveries per class member and because the remaining class issues before the Court are practically identical. *See id.* at 1129.

At this stage, Plaintiff easily satisfies the Rule 23 standard for pleading purposes and a motion to amend the class definition. The Court should therefore grant Plaintiff's Motion to Amend the Rule 23 Class Definition.

## **CONCLUSION**

Plaintiff respectfully requests that the Court permit Plaintiff to file a Second Amended Class Action Complaint to modify the Rule 23 Minnesota Class definition to include all Customer Service Agents regardless of the number of hours they worked in a week.

Date: June 30, 2022                                     Respectfully submitted,

                                                               *s/ Jacob R. Rusch*
Jacob R. Rusch (Bar No. 0391892)
Timothy J. Becker (Bar No. 0256663)
Zackary S. Kaylor (Bar No. 0400854)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
jrusch@johnsonbecker.com
tbecker@johnsonbecker.com
zkaylor@johnsonbecker.com

*Attorneys for Plaintiffs*