UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRANDON DEUTSCH, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MY PILLOW, INC.,<br><br>Defendant. | Case No. 20-CV-00318 (SRN-ECW) |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE PLAINTIFFS' EXPERT BRIAN C. GRIESER**

The parties are in agreement: Grieser's 2022 time study has no relevance to the facts of this case and is superfluous. Grieser must be excluded under the Rules of Evidence.

Plaintiffs rightly acknowledge that Grieser's time study and associated calculations "do not represent the amount of time it took to complete boot-up and call ready work in 2017-2020." (Pl.'s Mem. 6.) Plaintiffs further agree they will not submit Grieser's opinion "to prove the amount of time it took Plaintiffs and the Proposed Class to complete boot-up and call ready work." (*Id.*) In fact, Plaintiffs admit that the length of time it took them and the proposed class to complete various tasks "is not relevant to Grieser's time study." (*Id.* at 13.)

In light of these admissions, Plaintiffs are left arguing that Grieser's opinion should not be excluded because it serves two very limited evidentiary purposes: (1) "that unpaid boot-up work exists," and (2) "that there are no administrative difficulties in calculating the amount of time Call Center Representatives spend booting-up their computers and

making themselves call ready." (*Id.* at 1.) Both fail for a striking number of reasons. Grieser has no basis or qualifications to opine that any work went unpaid, particularly during the relevant period, and whether certain work "exists" in 2022 is not relevant or helpful to the jury. In fact, Grieser does not have any knowledge of My Pillow's call center during the relevant time period, and he does not provide any basis to extrapolate his flawed time study or methodology to that period. And finally, the issue of administrative difficulty is a legal conclusion.

Grieser's opinion is inadmissible, should be excluded, and should not be considered in ruling on any of the pending motions currently before the Court or at trial.

## ARGUMENT

I. **THE LIMITED PURPOSES FOR WHICH PLAINTIFFS INTEND TO OFFER GRIESER STILL FAIL TO SATISFY RULE 702.**

   A. **The Fact Finder Does Not Require Expert Evidence to Understand that "Unpaid Boot-Up Work Exists."**

The first purported purpose of Grieser's opinion is to provide "evidence that unpaid boot-up work exists." (Pl.'s Mem. 1.) Grieser is without knowledge or data to provide such an opinion, and expert testimony on this topic is unhelpful to the jury.

Plaintiffs have already testified that they occasionally performed the boot-up procedure off-the-clock without My Pillow's knowledge. A few, but not all, claimed that they booted-up their computers at the start of their shift because they failed to follow policy regarding leaving their computers on. Plaintiffs also testified that they did not always request time adjustments for time they felt was compensable. The jury does not require expert testimony to understand these facts. *See Hoekman v. Educ. Minn.*, 335 F.R.D. 219,

241 (D. Minn. 2020) (inferences and conclusions that a jury is capable of reaching on its own are unhelpful).

But even if this information were helpful to the jury, Grieser has absolutely no qualifications, knowledge, or data that would allow him to opine that computers were being booted-up off the clock, and he certainly cannot draw that conclusion for the 2017 to 2020 time period. Regarding the timeframe, Grieser does not have any knowledge of what occurred in the call center from 2017 to 2020 other than the Lyons videos, which are not representative of any other CSR's experience. Outside of the Lyons videos, Grieser's knowledge is limited to what he observed in 2022, which Plaintiffs admit is not representative of what they experienced. (*See* Pl.'s Mem. 6 ("Plaintiffs agree that the changes in Defendant's call center location and its technology in 2021 does not represent the amount of time it took to complete boot-up and call ready work in 2017-2020."))

Regarding the boot-up procedure, Grieser has no basis to conclude it occurred, either during the relevant period, or at all. He did not observe a single CSR turn on their computer during his time study. (*See* Grieser Report 4 ("The computers were apparently left on, and no employee was observed physically powering on the computers during our study.")) And Grieser certainly cannot opine that the boot-up procedure went *unpaid*. He does not have insight into payroll records or time adjustment requests, nor has he put forth any evidence of his qualifications to develop opinions on off-the-clock work. Not only is Grieser unqualified to render such an opinion, he does not make any attempt to do so.[1]

---

[1] Contrary to Plaintiffs' assertion, My Pillow's expert, Dr. Robert Radwin, did not agree that CSRs "complete unpaid boot-up work." (*See* Pl.'s Mem. 7.) Dr. Radwin did not

The fact finder does not require an expert's specialized knowledge, experience, training, or education to determine whether off-the-clock work existed from 2017 to 2020. But if it did, Grieser fails to meet Rule 702's requirements. He fails to show that he has specialized knowledge to determine historical conduct and whether it went unpaid, and he does not have any data or observations on which to base such conclusions.

**B.      Grieser's Report Cannot Be Used as Evidence of the "Administrative Difficulties in Calculating the Amount of Time" Performing Tasks.**

The second and final proffered purpose of Grieser's opinion is to provide "evidence that there are no administrative difficulties in calculating the amount of time Call Center Representatives spend booting-up their computers and making themselves call ready." (Pl.'s Mem. 1.) Plaintiffs claim this evidence is directly relevant to My Pillow's *de minimis* defense.[2] First, whether there was any administrative difficulty calculating log in times is a legal conclusion not appropriate for expert testimony. Second, Grieser's opinion that My Pillow could have hypothetically calculated the time taken to complete the log-in process is unhelpful, prejudicial, and fails to satisfy the requirements of Rule 702.

Grieser cannot opine on whether there were any "administrative difficulties" in tracking the unpaid overtime from 2017 to 2020 because that is a legal conclusion. "Whether a legal standard has been met is for the Court—and the Court alone—to decide,

---

comment on the boot-up procedure *or* how CSRs were compensated. Dr. Radwin only concluded that, although Grieser's methodology was deeply flawed, Grieser should have only considered the time taken to launch windows and ADP, and not include the average time to launch Annaware or Outlook. Dr. Radwin did not endorse these times as accurate or appropriate.

[2] If Plaintiffs' FLSA claim is dismissed on summary judgment, this opinion is not relevant to any fact in dispute and must be excluded.

4

not an expert." *Hoekman*, 335 F.R.D. at 240–41 (citing *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (excluding expert testimony on whether officer conduct was reasonable under Fourth Amendment standards)).[3]

Grieser's opinion that it was *possible* for My Pillow to track the time spent logging in during the relevant period is not based on any facts or data, nor is it helpful to the jury. To start, the parties agree that Grieser's calculations are not relevant to this case. Plaintiffs admit that the log-in procedure Grieser observed in 2022 "does not represent the time it took to complete boot-up and call ready work in 2017-2020." (Pl.'s Mem. 6.) Plaintiffs further admit that Grieser's opinions will not be submitted "to prove the amount of boot-up work Plaintiffs and the proposed Class performed." (*Id.* at 13.) All of Grieser's calculations relating to his time study must therefore be excluded. Not only are they unhelpful and not relevant to any fact in dispute, but putting them before the fact finder only risks prejudicing My Pillow and misleading the jury. For example, a juror hearing Grieser's 2022 time estimates may make inferences about what those times would have been from 2017 to 2020. *See* Fed. R. Evid. 403 (permitting the Court to exclude evidence

---

[3] Plaintiffs' argument appears patterned on *Perez v. Mountaire Farms, Inc.*, in which the Fourth Circuit concluded that because experts "were able to measure the [mean] amount of time required by employees to don and doff," the time spent donning and doffing was "not so miniscule that it would be difficult to measure" 650 F.3d 350, 374 (4th Cir. 2011) (as described in *Peterson v. Nelnet Diversified Sols., LLC*, 15 F.4th 1033, 1044 (10th Cir. 2021)). But Plaintiffs' argument misses a step. The time spent logging in from 2017 to 2020 has never been measured—Plaintiffs merely hypothesize that it *could have* been done and therefore it would not be difficult to measure. Ultimately this is a question of law not appropriate for an expert's conclusion.

if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury).

In addition to excluding Grieser's calculations, the Court must exclude Grieser's entire time study. Grieser does not make any attempt to extrapolate his opinions to the relevant time period.[4] In fact, Plaintiffs acknowledge that the amount of time they spent performing tasks "is not relevant to Grieser's time study." (Pl.'s Mem. 13.) In the absence of any connection to the relevant time period or the claims at issue, Grieser's time study and associated opinions are of no help for the jury. *See In re Wholesale Grocery Prods. Antitrust Litig.*, 946 F.3d at 1000 (holding that exclusion is appropriate where there is an analytical gap between the data and the proposed opinion). Permitting Grieser to provide an opinion about his time study is also prejudicial to My Pillow because it infers, without any support, that because a time study could be completed in 2022, it was also capable of being completed five years earlier in a different location with different technology. (*See* Pl.'s Mem. 2 (acknowledging that Grieser observed an entirely different call center with updated technology.)) Grieser does not provide any basis to make that leap. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (explaining that exclusion is appropriate where an expert's opinion is "connected to existing data only by the *ipse dixit* of the expert.").

---

[4] As explained in My Pillow's initial memorandum and Dr. Radwin's rebuttal report (Dkts. 136 and 137-02), Grieser's methodology is unsound. My Pillow incorporates its prior arguments and does not revisit that topic, as Grieser now admits his 2022 study has no application to the 2017-2020 timeframe. However, it is worth noting that Grieser makes the argument that he did not measure certain actions because they take less than three seconds to complete. (Pl.'s Mem. 10-11.) This is precisely My Pillow's point: the log-in process boils down to a matter of seconds.

Finally, to the extent Plaintiffs seek to offer Grieser to generally explain the mechanics of a time study to inform the jury what My Pillow *could* have done during the relevant period, such testimony fails to satisfy Rules 26 and 702.

Grieser does not provide any opinion about what time studies My Pillow could have conducted from 2017 to 2020. Federal Rule of Civil Procedure 26(a)(2)(B)(i) required him to provide "a complete statement of all opinions" and the reasons for them, but his report is silent on this issue. He does not make any attempt to explain how time studies were conducted from 2017 to 2020 or provide his qualifications to do so. For example, there is no indication whether the "proprietary smartphone app developed by ASE" that he used to record various log-in tasks was in use in 2017. (*See* Grieser Report 3.) He also does not have any knowledge of My Pillow's call center during that period.

Further, providing testimony about *how* a time study is conducted is not helpful to the jury under Rule 702. Merely narrating how time studies are performed bears no connection to the facts of this case. A jury does not need an expert to determine whether My Pillow could have hired specialists to conduct on-site observations. Plaintiffs are free to question My Pillow about the types of experts they could have hired at the time and their reasons for not doing so. My Pillow's argument on this point is that, while it hypothetically could have hired Dr. Radwin to conduct a time study during the relevant period, doing so is the very definition of administrative burdensomeness.

Grieser's opinion is not appropriate, helpful, or relevant to the issue of whether there were administrative difficulties in measuring the amount of time CSRs spent logging in.

7

### C. Grieser's Opinions on the Lyons Video are Not Helpful or Needed.

Plaintiffs agree that Grieser's "opinion" regarding how long it took Lyons to log in is a simple calculation that can be performed by any layperson. (Pl.'s Mem. 14.) While they still claim it is helpful, it is only "helpful" in the sense that it saves a jury from performing simple math. This does not satisfy Rule 702 or require expert testimony. *See Hoekman*, 335 F.R.D. at 239 (excluding expert's opinions that were "based only on rudimentary arithmetic and observations of data that require no special expertise or guidance"); *Khoday v. Symantec Corp.*, 93 F. Supp. 3d 1067, 1085 (D. Minn. 2015), as amended (Apr. 15, 2015) (finding no reason the jury could not perform the calculation for itself). In fact, Plaintiffs performed the exact same calculations in their Motion for Summary Judgment. (*See* Dkt. 123 at 15-16.)

Plaintiffs further claim that Grieser's calculation of Lyons' log in times "demonstrates to the jury that the same elements of the boot-up and call ready process could have been observed and calculated by Defendant in 2019." (Pl.'s Mem. 14.) The fact finder does not require an expert's assistance on this point, nor is it helpful. Any juror watching the video is capable of determining whether someone could have stood over Lyons' shoulder and calculated his log in time as it occurred. *See Furnituredealer.net, Inc v. Amazon.com, Inc*, No. CV 18-232 (JRT/HB), 2022 WL 891462, at *18 (D. Minn. Mar. 25, 2022) ("merely narrating facts is not proper expert testimony"). Lending expert testimony to the issue only risks prejudicing My Pillow. *See Hoekman*, 335 F.R.D. at 239 ("where the subject matter is within the jury's knowledge or experience, permitting an

8

expert to testify about the subject matter improperly lends an expert's 'aura of expertise' to the subject, which in turn prejudices the opponent of the testimony.")

Grieser's "opinion" on the Lyons video is not based on any specialized knowledge, offers no assistance to the jury, and must be excluded.

## CONCLUSION

Plaintiffs admit that they only intend to present Grieser's expert opinion as evidence that boot up work exists, and to show there are no administrative difficulties calculating this time. Even this stripped down version of their "expert" fails to satisfy the rules of evidence and must be excluded.

Dated: October 28, 2022

*s/Joseph M. Sokolowski*
Joseph M. Sokolowski (#0178366)
Janet M. Olawsky (#0393311)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-70007199
jsokolowski@fredlaw.com
jolawsky@fredlaw.com
amills@fredlaw.com

**Attorneys for Defendant My Pillow, Inc.**

9